**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

MORRIS YOUNG,

                        Plaintiff,

    -vs-

CITY OF ROCHESTER and
SUPERVISOR TERRY McENTEE,

                        Defendants.

PRE-TRIAL ORDER

09-CV-6182

_____

**A.**     **SCHEDULE**

    1.     The trial of the above-captioned case will begin on **April 16, 2012**[1] at 9:00 a.m. This is a day-certain trial date which will not be adjourned except for the trial of criminal cases which take precedence pursuant to 18 U.S.C. § 3161.

    2.     Unless otherwise indicated, each side must provide the materials referenced in Parts B and C of this Order by April 2, 2012, at 5:00 p.m. to the Court and opposing counsel. Materials must be provided to the Court in both hard copy and by electronic means in Wordperfect compatible format (by computer disk or by e-mail to kelly_pruden@nywd.uscourts.gov).

    3.     Unless otherwise indicated, the daily court session will proceed as follows:
        Monday     9:00 a.m. - 12:30 p.m.(morning session); 12:30 p.m. - 1:30 p.m. (lunch); 1:30 p.m. - 4:00 p.m. (afternoon session); recess at 4:00 p.m.

---

[1]Trial is anticipated to be completed by April 20, 2012

>   Tuesday, Wednesday, Thursday and Friday
>
>   9:00 a.m. - 1:00 p.m.; recess at 1:00 p.m.

4. Once a jury has been selected, time permitting, we will proceed directly with opening statements and the presentation of evidence.

5. The parties are responsible for having witnesses available as needed. The Court will take witnesses out of turn to accommodate witnesses.

6. Before the close of each day's session, counsel must advise the Court and the opposing lawyer of those witnesses expected to be called the following day.

7. It is expected that we will maximize jury time as much as possible. In this regard, counsel should be prepared to begin proof each day at the time the jury is scheduled to report. It is the burden of counsel to anticipate problems and notify the Court, so that time can be set aside when the jury is not present to resolve any issues.

## B. JURY SELECTION: PROCEDURE and MATERIAL

1. Method

    a. Concerning jury selection, the parties should be familiar with Local Rule 47.1. The Court will use the "struck jury system" as described in Local Rule 47.1, there will be no "alternate" jurors and all jurors selected will participate in the verdict.

    b. The Court will limit peremptory challenges as provided in Local Rule 47.1; 28 U.S.C. §1870.

    c.    Plaintiff's counsel will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the defendant who will make his or her own strike by writing the name and number of a juror. The strike sheet will then come to the Court who will announce the jurors that have been excused.

    d.    If you do not exercise a challenge during a particular round, you lose only that peremptory challenge and you may make other peremptory challenges in later rounds against anyone in the box.

2. The Court will conduct the entire voir dire and counsel will not be permitted to ask questions.

3. Voir Dire Material - Each party must prepare a document entitled "Voir Dire Information" containing the following material: (Each page must be three-hole-punched for insertion into a notebook and each item of information must be on a separate sheet.)

    a.    A short description of the case to be read to the jury to identify the case and the claims and defenses at issue.

    b.    The full name and address of the client. Include here the name of any corporate representative that intends to appear at trial for the client.

    c.    The full name and address of counsel, including assistants.

4. The parties shall also prepare a list of prospective witnesses that are expected to be called at trial, including adverse party witnesses. A copy of

this list must be provided to the court reporter at the commencement of trial. Also list here witnesses that you intend to introduce by reading depositions. Indicate that the witness will be a "deposition witness." For proper identification to the jury and for use by the Court, this list, which must be on a separate sheet of paper, should include:

a)  The full name of the witness.

b)  The occupational association of the witness, e.g., FBI, Eastman Kodak Company, Delta Laboratories, etc.

c)  The address of the witness.

d)  A short summary statement (one or two sentences) of the general subject matter expected to be covered by the witness.

5. A list of proposed questions you wish the Court to ask the jury on voir dire.

**C.  TRIAL PROCEDURE and MATERIAL**

1. Exhibits and Exhibit List:

    a.  Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case. These lists must be prepared on forms supplied by the Clerk's Office and must contain a brief description of the proposed exhibit.

    b.  All exhibits shall be denominated by number. Plaintiff shall use numbers 1 through 399; defendant shall use numbers 400 through 699; and third-party defendants shall use numbers 700 through 899.

    c.  Each exhibit must be physically tagged with the appropriate colored sticker (pink/red for plaintiff; blue for defendant and third-party

      defendant), and each exhibit must be physically numbered prior to commencement of trial.

  d.    A complete copy of the exhibit list must be given to the court reporter at the commencement of trial.

  e.    Parties do not have to mark for submission, pursuant to paragraph A. 2., those exhibits that may only be used on cross-examination for impeachment of a witness or to refresh the recollection of any witness.

  f.    Except for good cause, the Court will not allow introduction into evidence of exhibits unless they are listed on the exhibit list submitted pursuant to paragraph A. 2.

  g.    Copies of each documentary exhibit, photograph, chart or other paper must be duplicated for the adverse party and exchanged at the pre-trial conference unless the proponent certifies that the document has already been copied or exchanged during discovery, or if the document cannot be copied, that it be available for inspection.

  h.    In any trial where a party marks more than fifty (50) documentary exhibits, an exhibit book must be prepared containing copies of the exhibits. This book will consist of a three-ring binder with tabs for each exhibit. The proponent must prepare a binder for each party, the Court, and a binder for use of witnesses on the stand.

2. Expert Testimony

   a. The identity of all experts that will be called as witnesses must be provided to the Court. The proponent must also provide a brief summary of the ultimate opinions that will be rendered by the expert.

   b. The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in answers to expert interrogatories. See, Fed.R.Civ.P. 26(a)(2)(B). The parties are responsible for taking steps to supplement any expert interrogatories to be in full compliance with this Rule.

3. Deposition Testimony

   a. Each side must prepare, exchange, and provide to the Court an itemized list of deposition testimony (with page and line references), that it intends to use in its direct case. The parties should attempt to reconcile and resolve any disputes as to admissibility between the time specified in paragraph A. 2. and trial.

   b. At the commencement of trial, the objecting party must file, in writing, a document listing its objections to the opponent's deposition material and the basis for that objection. If no objections are received, it will be deemed to be a waiver of objections to the proffered deposition testimony.

4. Damages - Plaintiff must prepare an itemized statement of each element of special damages.

5. Legal and Evidentiary Issues

   a. All parties should prepare a detailed statement as to issues of law involved in the case and any unusual questions relative to the admissibility of evidence, trial procedure or substantive issues. This submission should include legal authority.

   b. The Court expects the parties to raise these potential issues by the date specified in paragraph A. 2., or as soon as they become evident, so that the Court and the parties will have adequate time to consider the issues.

6. Instruction Material

   a. The plaintiff must supply the Court with two copies and all parties with one copy of its proposed charge on the substantive matters raised in the complaint, that is, the law relating to the causes of action pleaded, including damages.

   b. Each charge should be listed on a separate page with supporting authority or the source of the instruction listed at the bottom.

   c. Each charge should also contain a notation at the bottom, "Given __; Not Given __; Given in Substance __."

   d. If counsel requests "form" instructions from form books, for example, Sand, Modern Federal Jury Instructions; Devitt & Blackmar, Federal Jury Practice and Instructions, or New York Pattern Jury Instructions (PJI), it will be sufficient to list the section number and a brief description of the charge.

    e.    The Court has standard general instructions that it routinely gives, but it is the burden of counsel to make specific requests for special instructions relating to, for example, evidentiary issues, limiting instructions, impeachment matters, etc.

    f.    If defendant objects to plaintiff's proposed charge, or if defendant has other alternative charges to submit, they must be submitted by the day prior to commencement of the trial.

7. The Court will set time limits for opening statements and closing arguments and it is expected that counsel will adhere to these limits.

8. During evening recesses, each side will be responsible for maintaining custody of its exhibits and returning them to Court the next day (unless other arrangements are made with the Court).

9. Counsel need not ask permission to approach a witness with an exhibit, but otherwise, questioning should be done form the lectern.

10. Parties will bear the expense of the jury production if they settle the case after the jury arrives.

IT IS SO ORDERED

Dated: Rochester, New York
       December 21, 2011

                         ENTER:

                         /s/ Charles J. Siragusa
                         CHARLES J. SIRAGUSA
                         United States District Judge